**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRUCE A. PENMAN, | ) | Case No. 18-19464 JGR |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LYNN H. MARTINEZ, TRUSTEE, | ) | Adv. Pro. No. 19-1327-JGR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VELOCITY SOLUTIONS GROUP, LLC, | ) | |
| THEODORE H. MERRIAM, P.C. d/b/a | ) | |
| MERRIAM LAW FIRM, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR ABEYANCE OF ADVERSARY PROCEEDING

Plaintiff Lynn H. Martinez, trustee ("**Trustee**"), by and through her undersigned counsel, hereby moves for an abeyance of this adversary proceeding. In support hereof, the Trustee states as follows:

1. On October 28, 2019, the Trustee commenced this adversary proceeding against Velocity Solutions Group, LLC ("**Velocity**") and Theodore H. Merriam, P.C., d/b/a Merriam Law Firm, P.C., ("**Merriam Law**").

2. The principal defendant herein is Merriam Law. The sole reason Velocity was named as a defendant was to satisfy the requirement set forth in *In re Slack-Horner Foundries Co.*, 971 F.2d 577 (10th Cir. 1992). On November 27, 2019, the Court entered an interlocutory judgment against Velocity.

3. With the consent of the Trustee, the Court has extended Merriam Law's deadline to respond to the complaint to today, and Merriam Law has not yet formally responded. However, Merriam Law denies that the Trustee is entitled to the relief sought in the complaint.

4. The Trustee and Merriam Law are close to executing a settlement agreement that, if executed, approved and performed, would result in the dismissal of this adversary proceeding.

5. The Trustee is required to file a motion for approval of the settlement agreement, pursuant to F.R.B.P. 9019.

6. Pending the finalization and approval of the settlement agreement, the parties desire that the Court will hold this adversary proceeding in abeyance.

7. The Trustee proposes to file a status report in this adversary proceeding within sixty (60) days after the entry of the Order for abeyance.

8. If the Court disapproves the settlement agreement, the Trustee will request that the Court restore this proceeding to its active docket and grant Merriam Law a reasonable period of time within which to respond to the complaint.

WHEREFORE, Lynn H. Martinez, Trustee, prays for an abeyance of this adversary proceeding, pending the finalization and approval of the settlement agreement, and for such other and further relief as the Court deems just.

Dated: December 20, 2019    SPENCER FANE LLP

By: */s/ Philip A. Pearlman, Esq.*
Philip A. Pearlman, #11426
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Ph. (303) 839-3800
Fax (303) 839-3838
e-mail: ppearlman@spencerfane.com
ATTORNEYS FOR LYNN H. MARTINEZ, TRUSTEE

## CERTIFICATE OF SERVICE

      The undersigned certifies that on December 20, 2019, I served by prepaid first class mail a copy of the foregoing MOTION FOR ABEYANCE OF ADVERSARY PROCEEDING and proposed Order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

| | |
|---|---|
| US Trustee<br>Byron G. Rogers Federal Bldg.<br>1961 Stout St., Ste. 12-200<br>Denver, CO 80294-1961 | Kevin A. Planegger, Esq.<br>Merriam Law Firm, P.C.<br>1625 Broadway, Suite 770<br>Denver, CO 80202 |

                                              */s/ Nancy Schacht*
                                              Nancy Schacht